## HENGST v. EARLY & DANIEL CO.
### Civil Action No. 757.

District Court, S. D. Ohio, W. D.

Feb. 24, 1945.

Shepherd & McDowell, of Columbus, Ohio, for plaintiff.

Murray, Sackhoff & Paddack, of Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

Plaintiff brings this action against defendant for infringement, injunction, accounting, etc., alleging among other things that prior to January 12, 1920, he created and wrote an original book entitled "Gestation Table-Hogs"; that he is the sole proprietor of all rights in and to the copyright of said book; that defendant has infringed the copyright to plaintiff's damage.

Defendant challenges the validity of the copyright, asserting that the subject matter of the copyright certificate contains no new and original matter of a copyrightable nature over prior publications, and also asserts that any rights plaintiff may have to an accounting have been lost by plaintiff's laches.

From the evidence it appears and the court finds as a matter of fact, that on November 12, 1926, defendant wrote plaintiff to enter their order for "five thousand (5000) calendars like sample * * * with Gestation Tables."

The so-called calendar was in fact a one sheet poster, featuring defendant's trademark, "Tuxedo Feeds," followed by four gestation tables separated as to horses, sheep, cows and hogs, followed by the 1926, 1927, and 1928, calendars. (Only the gestation table for hogs is in issue)

"Gestation Table for Hogs"

| Bred | Jan. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | etc. |
| Farrow | Apr. | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | etc. |
| Bred | Feb. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | etc. |
| Farrow | May | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | etc. |

etc.
etc.

"Copyrighted Jan. 12, 1920 by
F. D. Hengst"
(Plf.'s Ex. 4)

This was the only transaction had between the parties.

Several years later defendants published and distributed a small booklet "Making Hog Raising More Profitable" on the second page of which is a gestation table for hogs, being an exact copy of the table on plaintiff's calendar, except no reference is made as to the Hengst copyright.

There was evidence that plaintiff notified defendant that he considered the foregoing publication as infringing his copyright; that defendant discontinued distribution of the booklet complained of after notice in 1939, although plaintiff testified that he had found them in display racks of feed dealers up to 1942.

Defendant offered in evidence (Exhibit A) a combined gestation table for horses, cows, sheep and hogs, from a book "Breeding of Farm Animals" by Merritt W. Harper published by Orange Judd Co., New York, in 1914.

"Gestation Period Among Animals"

|      | Jan. | 1  | 2  | 3  | 4  | 5  | 6  | 7  | 8  | 9  | 10 |      |      |
|------|------|----|----|----|----|----|----|----|----|----|----|------|------|
| Mare | Dec. | 6  | 7  | 8  | 9  | 10 | 11 | 12 | 13 | 14 | 15 | etc. |      |
| Cow  | Oct. | 7  | 8  | 9  | 10 | 11 | 12 | 13 | 14 | 15 | 16 | etc. |      |
| Ewe  | May  | 30 | 31 | 1  | 2  | 3  | 4  | 5  | 6  | 7  | 8  | etc. | June |
| Sow  | Apr. | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 1  | 2  | etc. | May  |
|      | Feb. | 1  | 2  | 3  | 4  | 5  | 6  | 7  | 8  | 9  | 10 | etc. |      |

etc.

etc.

etc.

etc.

Also Farmers' Bulletin 874, United States Department of Agriculture, August 17, 1904, Revised September 1917, "Swine Management" (Def.'s Ex. C & D)

"Calendar showing dates of breeding and farrowing for sows, based on 112 day gestation period."

| January | April | February | May | March | June | April | July | May | August | June | September | July | October | E T C. |
|---------|-------|----------|-----|-------|------|-------|------|-----|--------|------|-----------|------|---------|--------|
| 1 | 22 | 1 | 23 | 1 | 20 | 1 | 21 | 1 | 20 | 1 | 20 | 1 | 20 | etc. |
| 2 | 23 | 2 | 24 | 2 | 21 | 2 | 22 | 2 | 21 | 2 | 21 | 2 | 21 | etc. |
| 3 | 24 | 3 | 25 | 3 | 22 | 3 | 23 | 3 | 22 | 3 | 22 | 3 | 22 | etc. |
| 4 | 25 | 4 | 26 | 4 | 23 | 4 | 24 | 4 | 23 | 4 | 23 | 4 | 23 | etc. |
| 5 | 26 | 5 | 27 | 5 | 24 | 5 | 25 | 5 | 24 | 5 | 24 | 5 | 24 | etc. |
| 6 | 27 | 6 | 28 | 6 | 25 | 6 | 26 | 6 | 25 | 6 | 25 | 6 | 25 | etc. |
|   |    | etc. |  |  |  | etc. |  |  |  | etc. |  |  |  |  |

Also gestation table for sows, page 269, from book "Productive Swine Husbandry" (Def.'s Ex. E)

"Gestation Table for Sows"

| Date Served | Date Due | Date Served | Date Due | Date Served | Date Due | Date Served | Date Due | Date Served | Date Due | E T C. |
|---|---|---|---|---|---|---|---|---|---|---|
| Jan. | Apr. | Feb. | May | Mar. | June | Apr. | July | May | Aug. | |
| 1 | 22 | 1 | 23 | 1 | 20 | 1 | 21 | 1 | 20 | etc. |
| 2 | 23 | 2 | 24 | 2 | 21 | 2 | 22 | 2 | 21 | etc. |
| 3 | 24 | 3 | 25 | 3 | 22 | 3 | 23 | 3 | 22 | etc. |
| 4 | 25 | 4 | 26 | 4 | 23 | 4 | 24 | 4 | 23 | etc. |
| 5 | 26 | 5 | 27 | 5 | 24 | 5 | 25 | 5 | 24 | etc. |
| 6 | 27 | 6 | 28 | 6 | 25 | 6 | 26 | 6 | 25 | etc. |
| 7 | 28 | 7 | 29 | 7 | 26 | 7 | 27 | 7 | 26 | etc. |
| 8 | 29 | 8 | 30 | 8 | 27 | 8 | 28 | 8 | 27 | etc. |
| | | | etc. | | etc. | | etc. | | | |

Comparison of the tables shows that the data therein is exactly alike, *that only in arrangement* is plaintiff's different from the prior publications. In fact plaintiff admitted on cross-examination that the only difference was that the Harper tables, although arranged horizontally like plaintiff's had all four animals, while plaintiff had a separate table for each, on the theory that farmers who raised hogs may not raise horses or sheep, etc., and it made it more convenient and easier to understand. Likewise plaintiff also admitted that the Day tables and the Department of Agriculture Bulletin contained the same data and was also arranged separately as to hogs, etc., but that they were arranged vertically and were not as easy to read as his horizontal table.

In view of the proven prior publication of the Day table and the Department of Agriculture Bulletin containing the identical data arranged vertically and also the Harper table as above described, it appears that the only question for determination is whether or not the plaintiff's horizontal arrangement of the prior published data, constitutes new and original matter of a copyrightable nature.

From a consideration of the foregoing it clearly appears that the creative work necessary to sustain a copyright, as distinguished from mere copying, is lacking here, and for that reason this court has no alternative but to hold plaintiff's copyright invalid and to dismiss the complaint.